# United States Court of Appeals
## For the Eleventh Circuit

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

AUG 31 2010

JAMES N. HATTEN, CLERK
By: Deputy Clerk

No. 09-13779

District Court Docket No.
08-00141-CR-01-TCB-1

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Jul 30, 2010

JOHN LEY
CLERK

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

versus

LIANG YANG,

        Defendant-Appellant.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

------------------------------------------------------------

Appeal from the United States District Court
for the Northern District of Georgia

------------------------------------------------------------

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

        Entered:    July 30, 2010
    For the Court:    John Ley, Clerk
            By:    Gilman, Nancy

ISSUED AS MANDATE
AUG 30 2010
U.S. COURT OF APPEALS
ATLANTA GA

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 30, 2010
JOHN LEY
CLERK

No. 09-13779
Non-Argument Calendar

D. C. Docket No. 08-00141-CR-01-TCB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LIANG YANG,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Georgia

(July 30, 2010)

Before EDMONDSON, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Liang Yang appeals his 60-month sentence imposed for conspiracy to bring in and harbor illegal aliens, 8 U.S.C. § 1324(a)(1)(A)(v)(I). No reversible error has been shown; we affirm.

Yang challenges a four-level increase to his offense level for being an organizer or leader of criminal activity, U.S.S.G. § 3B1.1. He contends that, based on the limited time he was part of the conspiracy as only an employee at the employment agencies, he was at most a manager or supervisor. We review a district court's determination about a defendant's role in an offense for clear error. United States v. Yates, 990 F.2d 1179, 1182 (11th Cir. 1993). The government must prove the existence of an aggravating role by a preponderance of the evidence. Id.

Pursuant to U.S.S.G. § 3B1.1(a), a defendant's base offense level should be increased by four levels if "the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive."\* A manager or supervisor of criminal activity warrants a three-level increase. See § 3B1.1(b). Titles are not controlling in the analysis; factors to consider in determining whether one is a leader or organizer include decision-making

---

\*Yang does not challenge that the criminal activity involved the requisite number of participants or that it was otherwise extensive.

2

authority, nature of participation in the commission of the offense, the claimed right to a larger share of the fruits of the crime, degree of participation in planning or organizing the offense, and the degree of control and authority exercised over others. See U.S.S.G. § 3B1.1, comment. (n.4).

Here, the government's case centered on several employment agencies that arranged unlawful employment at Chinese restaurants, used drivers to transport illegal aliens to the restaurants locally and throughout the United States, and collected referral fees. The evidence showed that Yang's involvement in this criminal activity included (1) speaking with restaurants about their employment needs and placing employees in various restaurants; (2) brokering a deal between an employment agency owner who employed him and another employment agency owner to place workers in restaurants and split the fee; (3) taking over the operations of his codefendant's agency because the agency lacked business and Yang had a reputation among Chinese restaurants on the east coast for providing illegal workers; and (4) hiring drivers, telling them where to take workers, receiving the placement fees from the drivers, and paying the drivers' commissions from those fees.

On these facts, we discern no clear error in the district court's determination that Yang was a leader of the criminal activity. That Yang participated in the

conspiracy for only a few months or that he viewed himself as merely an employee of the agencies does not alter the leadership role he carried out in making decisions about how the agencies were run, exercising control over the drivers, and partaking in a larger share of the profits. See id.

Yang also challenges the substantive reasonableness of his sentence, arguing that his co-conspirators received lower sentences than he despite being at least as culpable as he was. We evaluate the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 128 S.Ct. 586, 597 (2007).

The party challenging the reasonableness of the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the 18 U.S.C. § 3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). Under section 3553(a), a district court should consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to provide adequate deterrence, respect for the law, and protection of the public, policy statements of the Sentencing Commission, provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7).

We conclude that Yang's 60-month sentence -- the statutory maximum, but

also within his guidelines range of 57 to 60 months -- was reasonable. See Talley, 431 F.3d at 788 (noting that "ordinarily we would expect a sentence within the Guidelines range to be reasonable"). Yang was responsible for placing at least 100 illegal aliens into employment, and he had a reputation among Chinese restaurants as a reliable provider of illegal workers. And, as the district court noted in concluding that the statutory maximum was appropriate, the conspiracy was extensive and far-reaching and Yang knew about previous prosecutions of other agency owners involved in the same conduct. So, Yang was aware of the illegality of his acts but undertook them anyway.

Yang's argument that his codefendants and defendants in related cases received lower sentences resulting in a sentencing disparity is unavailing. Concerns about disparate sentences among co-conspirators are not implicated where, as here, appellant and his codefendant and other offenders are not similarly situated. Because Yang proceeded to trial but others involved in the offense pleaded guilty pursuant to plea agreements and offered substantial assistance to the government, the disparity in their sentences was not "unwarranted." See United States v. Williams, 526 F.3d 1312, 1323 (11th Cir. 2008). And here, Yang alone was found to be an organizer or leader of the conspiracy so "it was well within the bounds of reasonableness" under section 3553(a) for the district court to impose a

lengthier sentence on him than on the other offenders. See United States v. Thomas, 446 F.3d 1348, 1357 (11th Cir. 2006).

The district court abused no discretion when it rejected Yang's argument for parity with his co-conspirators and determined that a 60-month sentence was reasonable under the circumstances.

AFFIRMED.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: Deputy Clerk
Atlanta, Georgia