IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LIANG YANG, | :: | CIVIL ACTION NO. |
| Movant, | :: | 1:11-CV-2879-TCB-LTW |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:08-CR-141-TCB-LTW-1 |
| | :: | |
| UNITED STATES OF AMERICA, | :: | MOTION TO VACATE |
| Respondent. | :: | 28 U.S.C. § 2255 |

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION

The Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72, is attached. The same shall be filed and a copy, together with a copy of this Order, shall be served upon counsel for the parties and upon any unrepresented parties.

Pursuant to 28 U.S.C. § 636(b)(1)(C), within fourteen (14) days of service of this Order, each party may file written objections, if any, to the Report and Recommendation. If objections are filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Report and

Recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the Report and Recommendation with objections, if any, to the District Judge after expiration of the above time period.

**SO ORDERED**, this 30th day of DECEMBER, 2011.

/S/LINDA T. WALKER
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LIANG YANG, | :: | CIVIL ACTION NO. |
| Movant, | :: | 1:11-CV-2879-TCB-LTW |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:08-CR-141-TCB-LTW-1 |
| | :: | |
| UNITED STATES OF AMERICA, | :: | MOTION TO VACATE |
| Respondent. | :: | 28 U.S.C. § 2255 |

## FINAL REPORT AND RECOMMENDATION

Movant, pro se, challenges under 28 U.S.C. § 2255 his convictions in this Court for immigration offenses. (Doc. 164.)[1] Respondent opposes the motion. (Doc. 167). For the reasons discussed below, the undersigned recommends that Movant's motion be denied and that he be denied a certificate of appealability. Movant also has filed a motion for default judgment or summary judgment on the ground that Respondent did not timely respond to his § 2255 motion. (Doc. 168.) Because Respondent timely filed its response, the undersigned recommends that Movant's motion for default judgment or summary judgment be denied.[2]

---

[1] Unless otherwise noted, all citations in this Report and Recommendation to the record refer to case number 1:08-cr-141-TCB-LTW.

[2] The Court's Order directing Respondent to file its response to the § 2255 motion within thirty days was entered on the Court's docket on September 6, 2011, (Doc. 166), and Respondent filed its response on October 6, 2011, (Doc. 167).

**I. Background**

In 2008, a grand jury indicted Movant for conspiring with Shi Tong Guo ("Guo"), Alex Hui, "and others known and unknown to the Grand Jury" to do the following unlawful acts for commercial advantage and private financial gain, in violation of 8 U.S.C. § 1324(a): (1) transport and move aliens in the U.S. despite knowing that the aliens were in the U.S. illegally; (2) conceal, harbor, and shield from detection aliens despite knowing that the aliens were in the U.S. illegally; and (3) encourage and induce aliens to enter, remain, and reside in the U.S. despite knowing that the aliens would be in the U.S. illegally. (Doc. 33 at 1-2.) The grand jury also charged Movant and Guo with one count of transporting an illegal alien, but the Court dismissed that count on Respondent's motion because it was discovered that Guo's brother, and not Guo, had conspired with Movant and transported illegal aliens for him. (Doc. 104.) The Court also dismissed the conspiracy charge against Guo. (*Id.*)

The conspiracy involved Movant's and Hui's operation of Dong Sheng Employment Agency, an Atlanta business that recruited undocumented, illegal aliens for work in restaurants in the U.S. in exchange for a fee paid to the agency. (Doc. 33 at 2-7.) Movant and his co-conspirators harbored and transported the illegal aliens to the restaurants, which then would often provide the aliens housing and transportation

2

to and from work. (*Id.*) Defendant's employment agency was, in essence, a broker between the employers and the illegal aliens who would be their employees. (*Id.*)

Attorney Derek Jones represented Movant throughout this case, including at trial and on appeal. (Doc. 164 at 10.) Hui pled guilty to the conspiracy charged in the indictment and testified against Movant at trial. (Docs. 79, 144, 145.)[3] Other witnesses who were familiar with Movant's operation of the employment agency and who assisted him in transporting illegal aliens to the restaurant clients also testified against him, along with federal agents who participated in an undercover operation. (Trial Tr. at 28-350.) Movant presented no witnesses and only one document in his defense at trial. (*Id.* at 362-63.) On April 23, 2009, the trial jury convicted Movant of the conspiracy and found that he conspired to do all three things alleged in the indictment and described above. (Doc. 119.)

Prior to sentencing, Jones filed written objections to the presentence report on Movant's behalf. ("Sent. Tr.") Movant objected to enhancements under the U.S. Sentencing Guidelines (the "Guidelines") for there being at least 100 illegal aliens involved in the conspiracy and for Movant being an organizer or leader of a criminal

---

[3] The trial transcript is in the record at docket numbers 143-46 and will be cited as "Trial Tr." in the remainder of this Report and Recommendation. The transcript of the sentencing hearing is at docket number 147 and will be cited as "Sent. Tr."

3

enterprise involving five or more participants or that was otherwise extensive. (*Id.* at 1-11.) Jones argued the objections at the sentencing hearing, but the Court overruled them and applied both enhancements to arrive at a Guidelines custody range of fifty-seven to seventy-one months. (*Id.* at 11-12.) The Court sentenced Movant to sixty months' imprisonment, the statutory maximum, among other things. (*Id.* at 29-31.)

Movant's convictions and sentence were affirmed on appeal. *United States v. Yang*, 390 F. App'x 859, 861 (11th Cir. 2010). The appellate court rejected Movant's arguments that this Court should not have applied the aggravating role enhancement at sentencing and that his sentence was unreasonable because lesser sentences were imposed on co-conspirators who pled guilty. *Id.* at 860-61.

Movant claims in his § 2255 motion that Jones rendered ineffective assistance in violation of Movant's Sixth Amendment right to counsel. (*Id.* at 7-11.) Specifically, Movant alleges that Jones failed to:

1. argue that the evidence at trial was insufficient to convict him of conspiring with Guo given that charges against Guo were dismissed before trial and Guo's name was not redacted from the indictment;

2. object or move for a mistrial when, during post-verdict polling of the jury, one juror purportedly expressed uncertainty about the verdict;

3. argue that the minister or missionary exception to criminal liability found in 8 U.S.C. § 1324(a)(1)(C) applied; and

4

> 4. argue that the evidence at trial was insufficient to sustain a conviction or the sentence enhancement for a conspiracy involving at least 100 illegal aliens.

(Doc. 164 at 4-8.) Respondent contends that Movant has failed to show that Jones rendered ineffective assistance. (Doc. 167.)

## II. Relevant Legal Standards

To prevail on a § 2255 motion, the movant must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such a sentence; (3) the sentence exceeded the maximum sentence authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. A sentence is subject to collateral attack when there is a fundamental defect that results in a complete miscarriage of justice. *United States v. Addonizio*, 442 U.S. 178, 185 (1979). "To obtain collateral relief, a [movant] must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982).

To establish ineffective assistance of counsel, a § 2255 movant must show that his counsel's performance was deficient such that it was below objectively reasonable standards, and that the deficient performance prejudiced the movant. *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984). As for the first prong of the test, a court

should be "highly deferential" in scrutinizing counsel's performance, *id.* at 689, and "must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment," *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000). To establish deficient performance, a movant must establish that no objectively competent lawyer would have taken the action that his lawyer took. *Id.* at 1315.

Under the second prong of the test, a court determines whether counsel's challenged acts or omissions prejudiced the movant, i.e., whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A court need not address both prongs of *Strickland*'s test if the movant "makes an insufficient showing on one." *Id.* at 697.

## III. Analysis

An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *Fontaine v. United States*, 411 U.S. 213, 215 (1973). The record in this case conclusively demonstrates that Movant's claims lack merit and that he is not

entitled to relief under § 2255.

Grounds two and three of Movant's § 2255 motion are readily belied by the record. When the trial jury was polled after the verdict was read, the following exchange occurred with one juror:

> THE COURTROOM DEPUTY CLERK: . . . Sandra Gibson. Was the verdict just published your verdict?
>
> JUROR GIBSON: I'm not sure, now?
>
> THE COURTROOM DEPUTY CLERK: Was the verdict that we just – the Judge just read your verdict?
>
> JUROR GIBSON: Right. Yes.
>
> THE COURTROOM DEPUTY CLERK: Okay. Is it now your verdict?
>
> JUROR GIBSON: Yes.
>
> THE COURTROOM DEPUTY CLERK: Was the verdict entered freely and voluntarily by you?
>
> JUROR GIBSON: Yes.
>
> THE COURTROOM DEPUTY CLERK: Thank you.

(Trial Tr. at 426.) Movant contends that juror Gibson's statement "I'm not sure" indicated that she was uncertain of the verdict and that Jones should have objected to the verdict or moved for a mistrial. When everything juror Gibson said is reviewed,

7

it is clear that she did not understand the initial question and was stating that she was "not sure" what the deputy clerk meant by the question. (*See id.*) When the deputy clerk rephrased the question, juror Gibson unequivocally said that the verdict as read was her verdict and that she freely and voluntarily reached it. (*Id.*) Thus, there was no basis for Jones to object or move for a mistrial. Movant is not entitled to relief on ground two of his § 2255 motion.

As for ground three, no evidence was presented at trial to support the minister or missionary exception to criminal liability under 8 U.S.C. § 1324(a)(1)(C). The statute provides:

> except where a person encourages or induces an alien to come to or enter the United States, [it is not a violation] for a religious denomination having a bona fide nonprofit, religious organization in the United States, or the agents or officers of such denomination or organization, to encourage, invite, call, allow, or enable an alien who is present in the United States to perform the vocation of a minister or missionary for the denomination or organization in the United States as a volunteer who is not compensated as an employee, notwithstanding the provision of room, board, travel, medical assistance, and other basic living expenses, provided the minister or missionary has been a member of the denomination for at least one year.

8 U.S.C. § 1324(a)(1)(C). Absolutely no evidence was presented at trial to suggest that Movant, or his co-conspirators, were recruiting aliens on behalf of a religious organization to be non-compensated ministers or missionaries. Instead, the evidence

8

was that Movant and his co-conspirators recruited aliens to be paid employees of restaurants. Thus, there was no basis for Jones to argue that 8 U.S.C. § 1324(a)(1)(C) applied or that Movant was exempt from criminal liability under that provision. Movant is not entitled to relief on ground three of his § 2255 motion.

Movant contends in grounds one and four that Jones should have argued that there was insufficient evidence to convict Movant of the conspiracy, particularly given that charges against Guo, who was named as a co-conspirator in the indictment, were dismissed before trial. The facts and the law refute Movant's argument.

At the close of Respondent's case at trial, Jones moved for a judgment of acquittal on the ground that there was insufficient evidence. (Trial Tr. at 350-56.) Jones argued that Respondent's evidence supported no more than a possible conspiracy to transport illegal aliens and not a conspiracy to engage in the other acts alleged in the indictment. (*Id.*) It was objectively reasonable for Jones not to argue that there was insufficient evidence on the ground that there was no evidence that Guo was involved in the conspiracy because there was ample evidence that Movant conspired with at least one other person, namely Hui, who testified against Movant.

When an indictment names certain members of an alleged conspiracy and alleges that there are other unknown members, the government need not prove that

every person named in the indictment was a member of the conspiracy or that the defendant conspired with every named person. *See United States v. Trujillo*, 146 F.3d 838, 846 (11th Cir. 1998) (holding that pattern jury instruction like the one used in Movant's case "accurately reflects the elements of a conspiracy"). The indictment in this case alleged that Movant conspired with Hui, Guo, and others unknown to the grand jury, (Doc. 33 at 1), and the evidence amply supported a finding that Movant conspired with Hui and others. *See Yang*, 390 F. App'x at 861 ("[A]s the district court noted in concluding that the statutory maximum was appropriate, the conspiracy was extensive and far-reaching . . . ."). Thus, it was reasonable for Jones not to argue for a judgment of acquittal based on the lack of evidence that Guo was involved in the conspiracy. *See United States v. Doe*, 216 F. App'x 874, 881 (11th Cir. 2007) ("[T]he indictment did not charge that the conspiracy was only between Greger and [defendant], but also included other persons both known and unknown in the conspiracy. Thus, the instruction was not an incorrect statement of law generally or in relation to the conspiracy charged in this case.").

Movant also has not shown that Jones was deficient for not doing more to challenge the Guidelines sentence enhancement regarding the number of illegal aliens involved in the conspiracy. Jones argued, both orally and in writing, that Movant

10

should not receive the enhancement because Respondent did not take the position in plea agreements with Hui and defendants in other immigration cases that 100 illegal aliens or more were involved. (Sent Tr. at 2-5.) As the Court noted, however, the evidence presented at trial – which came solely from Respondent because Movant presented no evidence on the issue – supported a finding that Movant's employment agency funneled "well above 100" illegal aliens to its clients. (*Id.* at 4-5); *see also Yang*, 390 F. App'x at 861 ("[Movant] was responsible for placing at least 100 illegal aliens into employment, and he had a reputation among Chinese restaurants as a reliable provider of illegal workers."). That evidence established by a preponderance of the evidence, as required for the Guidelines enhancement, that the conspiracy involved at least 100 illegal aliens.[4] Movant is not entitled to relief on grounds one or four of his § 2255 motion.

Finally, even assuming that Movant had shown that Jones' performance was

---

[4] The evidence therefore refutes Movant's conclusory assertion that "there was no showing in this case beyond unfounded hearsay" that the conspiracy involved at least 100 illegal aliens. (Doc. 164 at 8.) Moreover, Movant does not identify the alleged "unfounded hearsay" or a witness who allegedly gave hearsay testimony. *See Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) ("Conclusory allegations of ineffective assistance are insufficient." (quotation marks omitted)). No witnesses testified at Movant's sentencing hearing, and the Court relied on the evidence presented at trial as the basis for the sentence enhancement. (Sent Tr. at 4-6.)

below that of a minimally competent attorney, Movant has not shown that there is a reasonable probability that the outcome of his trial or sentencing would have been different had Jones done more. There is no basis upon which to find that the Court would have dismissed the conspiracy charge for insufficient evidence (especially given that it denied Movant's Rule 29 motion based on that argument at the close of Respondent's case-in-chief) or under the statute's minister exception or granted a mistrial based on juror Gibson's statement during jury polling. Nor is there any basis upon which to find that the Court would not have applied the challenged sentence enhancement if Jones had objected to that enhancement more strenuously or on some other ground. In short, Movant has not demonstrated that Jones' performance was constitutionally deficient or that he was prejudiced by any of Jones' alleged failures. Movant is not entitled to relief under § 2255.

## IV. Certificate of Appealability ("COA")

A federal prisoner may not appeal the denial of his § 2255 motion "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). Rule 11 of the Rules Governing § 2255 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA may issue

12

"only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v . McDaniel*, 529 U.S. 473, 483-84 (2000) (citations and quotation marks omitted).

A COA is not warranted here. As shown in Part III, *supra*, the record conclusively demonstrates that Movant has not shown that he received ineffective assistance of counsel, and the resolution of his claims is not reasonably debatable.

## V. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Movant's motion to vacate sentence [164] be **DENIED** and that civil action number 1:11-CV-2879-TCB-LTW be **DISMISSED. IT IS FURTHER RECOMMENDED** that Movant's motion for default judgment or summary judgment [168] be **DENIED** and that Movant be

13

**DENIED** a certificate of appealability.

**SO RECOMMENDED** this 30 day of December, 2011.

*Linda T. Walker*
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE