IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LIANG YANG, | :: | CIVIL ACTION NO. |
|    Movant, | :: | 1:11-CV-2879-TCB-LTW |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:08-CR-141-TCB-LTW-1 |
| | :: | |
| UNITED STATES OF AMERICA, | :: | MOTION TO VACATE |
|    Respondent. | :: | 28 U.S.C. § 2255 |

**O R D E R**

Movant Liang Yang was convicted in this Court of conspiring to, among other things, transport and conceal illegal aliens in the operation of an employment agency that provided illegal alien workers to restaurants. The Court sentenced Yang to sixty months of imprisonment, and his convictions and sentence were affirmed on appeal. *United States v. Yang*, 390 F. App'x 859 (11th Cir. 2010).

Yang, pro se, now seeks to vacate his sentence under 28 U.S.C. § 2255 on grounds that his counsel, Derek Jones, rendered constitutionally ineffective assistance at trial and sentencing. (Doc. 164 in 1:08-cr-141-TCB-LTW.) Magistrate Judge Walker issued a Report and Recommendation that recommends denying the § 2255 motion, Yang's motion for default judgment or summary judgment, and a certificate of appealability. (Doc. 169 ("R&R").) Yang filed objections to the R&R. (Doc. 171.)

A district judge must conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982). This review takes different forms, depending on whether there are objections to the R&R. The district judge must make a "de novo determination of those portions of the [R&R] to which objection is made," 28 U.S.C. § 636(b)(1)(C), while those portions of the R&R for which there is no objection are reviewed only for clear error, *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

The R&R discussed all four alleged grounds of ineffective assistance of counsel that Yang asserted in his § 2255 motion. (R&R at 4-12.) Yang objected to the R&R's findings as to only three grounds, namely the grounds alleging that Jones failed to (1) argue that the evidence at trial was insufficient to convict Yang of the conspiracy charged in the superseding indictment; (2) object and move for a mistrial based on a juror's response to post-verdict polling by the Court; and (3) argue against the sentence enhancement Yang received for a conspiracy involving at least 100 illegal

AO 72A
(Rev.8/82)

aliens.[1]  (Doc. 171.)  The Court has conducted a de novo review of the record and finds no merit in Yang's objections.

As to ground one of his motion, Yang argues that because the superseding indictment charged him with conspiring with Shi Tong Guo and no evidence was presented at trial that Yang conspired with Guo (Respondent dismissed charges against Guo), his conviction cannot stand.  The superseding indictment alleged that "YANG, ALECK KI MAN HUI a/k/a Alex Hui, and SHI TONG GUO did combine, conspire, confederate, agree, and have a tacit understanding with each other and others known and unknown to the Grand Jury" to commit the immigration crimes.  (Doc. 33 at 1.)  It has long been the law that a criminal defendant can be convicted of conspiracy even if there is no evidence that he conspired with every person named as a conspirator in the indictment.  *United States v. Goodwin*, 492 F.2d 1141, 114–45 (5th Cir. 1974).  Indeed, "[a] person can be convicted of conspiring with persons who are not identified by name in an indictment so long as the indictment asserts that such other persons exist and the evidence supports such an assertion."  *Id.* at 1144.

---

[1] Yang did not object to the R&R's findings as to ground three of his § 2255 motion, which alleged that Jones failed to assert a statutory defense for ministers or missionaries, or the R&R's finding that Yang's motion for default judgment or summary judgment should be denied because Respondent timely responded to his § 2255 motion.  The Court finds no clear error in those findings.

3

In *Goodwin*, as in Yang's case, the indictment named three persons and "divers other persons whose names are to the Grand Jury unknown" as the only conspirators, and the conspiracy charges against two of the three named persons were dropped before Goodwin was tried. *Id.* at 1143-44. The appellate court rejected Goodwin's argument that he should have been acquitted because the conspiracy charges against the named co-conspirators were dropped. *Id.* at 1144-45. Evidence was presented at trial that Goodwin conspired with persons who were not named in the indictment, and the court found that evidence sufficient to sustain his conviction because the indictment alleged that the conspiracy involved unknown persons. *Id.*

The same holds true in Yang's case because the indictment alleged that he conspired with Hui and other unknown persons, and evidence was presented at trial to support those allegations. "This is no less true simply because [Guo, a] co-conspirator[] named as [a] codefendant[] in the indictment [was] not prosecuted for conspiracy." *See id.* at 1144; *see also United States v. Klein*, 560 F.2d 1236, 1242 (5th Cir. 1977) (affirming conspiracy conviction where indictment alleged three named persons and other unknown persons as conspirators, but evidence showed that the defendant conspired with only one of the named co-conspirators). "If the evidence at [Yang's] trial supported the assertion that [Hui] was a member of the conspiracy,

4

[Yang's] conviction can stand regardless of the past or future disposition of [Guo's] case." *See Klein*, 560 F.2d at 1242; *see also United States v. Doe*, 216 F. App'x 874, 881 (11th Cir. 2007) (approving jury instruction that the government need not prove that all of the people named in the indictment were members of the conspiracy where indictment alleged unknown members).[2] Ample evidence supporting a conspiracy between Yang and Hui was presented at trial. Yang's claim that Jones was ineffective for not arguing that there was insufficient evidence to convict him of conspiracy fails because there was no basis for such an argument.

Ground two of Yang's motion challenges Jones's failure to object to post-verdict jury polling or request a mistrial during the poll. The R&R found that juror Gibson's question "I'm not sure, now?" in response to the deputy clerk's question "[w]as the verdict just published your verdict?" merely indicated that she did not understand the question, given her unequivocal, affirmative response when the deputy clerk rephrased the question and her unequivocal responses to the remaining

---

[2] Yang misconstrues *Doe* as standing for the proposition that the government must prove that all persons named in the indictment were part of the conspiracy. *Doe* makes clear that such a proposition is true only if the indictment "alleges that only two people were involved in the conspiracy and does not contain language to the effect that the conspiracy involved unnamed conspirators." *Doe*, 216 F. App'x at 881. That is not the case here, as the superseding indictment named three persons, including Yang, and others unknown to the grand jury. (Doc. 33 at 1.)

5

questions. (R&R at 7-8.) Yang contends that

> If juror Gibson did not understand the line of questioning as the magistrate and the government claims, then surely that juror was mentally incompetent to hold the station as a juror, and for that reason alone, there should have been called "mistrial" or at least the jury should have been sent back for further deliberations.

(Doc. 171 at 5.) Yang further contends that the "rephrasing of the question and requestioning of the juror to get a vote of guilty amounted to a per se impermissable [sic] vote in the courtroom as opposed to a jury room vote." (*Id.*) The Court disagrees.

The undersigned personally observed the polling of all the jurors after the verdict was read and has no doubt that juror Gibson simply did not fully hear, and therefore did not understand, the first question the deputy clerk asked her when it was her turn to be polled. Yang is correct that juror Gibson was not the first juror polled (she was the second) and that she presumably heard the same questions asked of the juror polled before her. (*See* Doc. 146 at 3-4.) However, it was clear to the Court at the time that juror Gibson's statement "I'm not sure, now?" was a question, as the written transcript reflects, and that juror Gibson meant by that question that she was unsure what the deputy clerk had said to her and not that she was unsure if the guilty verdict was her verdict. The deputy clerk asked the question again in a slightly

6

rephrased manner — asking if the verdict that "the Judge just read" was her verdict where she had first asked if the verdict "just published" was her verdict — and juror Gibson replied "Right. Yes." in a manner that indicated to the undersigned that she had fully heard the question the second time it was asked. (Doc. 146 at 4.) Juror Gibson replied "Yes" to the remaining questions of whether the verdict was "now your verdict" and whether she entered the verdict freely and voluntarily. (*Id.*) No evidence supports Yang's contentions that Juror Gibson expressed doubt as to the verdict, that she was mentally incompetent, or that asking her the first question again somehow coerced her into agreeing with a verdict she had not previously reached.

The cases Yang cited in his objections do not save his claim regarding the jury poll. In *United States v. Spitz*, a juror during post-verdict polling responded "No" to the first question of whether the published verdict was her verdict. 696 F.2d 916, 917 (11th Cir. 1983). The trial court then polled all the other jurors before asking that juror to confirm that she had indicated the published verdict was not hers, which she did. *Id.* Noting Federal Rule of Criminal Procedure 31(d), which at the time provided that "[i]f upon the poll there is not unanimous concurrence, the jury may be directed to return for further deliberation or may be discharged," the Eleventh Circuit held that the trial court erred by continuing the poll after a juror had unequivocally stated that

7

the verdict was not hers.[3] *Id.* at 917-18 ("The poll should have stopped as soon as the lack of unanimity was revealed."). Similarly, a court erred when it continued polling the jury and accepted a guilty verdict after a juror stated the verdict was his "with reasonable doubt." *Sincox v. United States*, 571 F.2d 876, 877-78 (5th Cir. 1978); *see United States v. Sexton*, 456 F.2d 961, 962, 964 (5th Cir. 1972) (finding that juror who, in response to question said she "didn't vote either way" and, when then asked if the verdict was now her verdict replied, "Yes, sir," had "in effect, voted in the courtroom and not in the jury room and she voted under the compulsion of the Court").

No circumstances like those in *Spitz* and *Sincox* occurred in Yang's case because juror Gibson did not express in her response to any of the three poll questions any doubt as to whether she had voted for a guilty verdict. She merely indicated that she did not fully hear the initial question. Thus, asking her the question again and continuing the poll was not error. Indeed, the Eleventh Circuit noted in *Spitz* that "apparent confusion on the juror's part . . . may be clarified by interrogation by the court" without returning the jury to deliberations or declaring a mistrial. *Spitz*, 696

---

[3] Federal Rule of Criminal Procedure 31(d) now reads, in pertinent part: "If the poll reveals a lack of unanimity, the court may direct the jury to deliberate further or may declare a mistrial and discharge the jury."

8

F.2d at 918 n.1. Yang's counsel was not deficient for failing to object, to ask for a mistrial, or to otherwise raise an issue when the jury was polled.

Yang's final objection concerns ground four of his § 2255 motion, in which he contends that Jones should have argued that there was insufficient evidence to sustain his conviction or the sentence enhancement for a conspiracy involving at least 100 illegal aliens. Yang argues that Jones's oral Rule 29 motion at the end of trial was "frivilous [sic] and without content" because Jones stated things like "I'm not articulating the exact language" and "I think the court catches my attempt to articulate this." (Doc. 171 at 6-7.) The Court does not find that Jones's performance was constitutionally deficient, as Yang has not shown that Jones failed to perform at the level of a minimally competent lawyer. Yang also has not shown prejudice because sufficient evidence was presented at trial to support his conviction and his sentence enhancement that was based on the number of illegal aliens.

Yang incorrectly asserts that Respondent had to present one of the forms of evidence described in 8 U.S.C. § 1324(b)(3) to establish that the aliens had come to, entered, or remained in the U.S. unlawfully. Section 1324(b)(3) merely deems the three forms of evidence listed in that subsection as "prima facie evidence" that an

9

alien was in the country illegally — meaning that such evidence, if not disproved or rebutted, will establish that fact — and does not limit the type of evidence that the government can offer to prove that fact. 8 U.S.C. § 1324(b)(3). *See United States v. Ibarguen-Mosquera*, 634 F.3d 1370, 1381 (11th Cir. 2011) (statute's list of facts that can serve as prima facie evidence of criminal intent "merely means that such evidence is legally sufficient to fund such an intent"). Respondent presented sufficient evidence at trial for the jury to find all the elements of a violation of 8 U.S.C. § 1324(a) and for the Court to apply the sentence enhancement for a conspiracy involving at least 100 aliens.[4] Yang has not shown that Jones rendered ineffective assistance in arguing for a judgement of acquittal under Rule 29 or in arguing against the sentence enhancement. Yang therefore is not entitled to relief under § 2255.

For the foregoing reasons, the Court **OVERRULES** Yang's objections [171] and **ADOPTS** the R&R [169] as the opinion of the Court. Yang's § 2255 motion [164] is **DENIED** and Yang is **DENIED** a certificate of appealability. Yang's motion

---

[4] The Court found at sentencing that "with a conservative estimate based on the evidence at trial and the inferences one could reasonably draw therefrom, the number of aliens involved in this case [was] well above 100." (Doc. 147 at 4.) Yang has not shown that finding was incorrect or that Jones did not competently challenge the enhancement.

10

for default judgment or summary judgment [168] is **DENIED**. Civil action number 1:11-cv-2879-TCB-LTW is **DISMISSED**.

**IT IS SO ORDERED** this 12th day of March, 2012.

TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT JUDGE